JOHN S. WEBB ET AL.

v.

THE PEOPLE EX REL.

1. SCHOOLS—FORMATION OF NEW DISTRICTS.—In a proceeding under the statute relating to the formation or change of school districts, where it is sought to create a district from others in different townships, the petition should be presented to the trustees of both townships and be the subject of joint action.

2. PETITION SHOULD SET FORTH CAUSES FOR CHANGE.—A petition for this purpose should contain a statement that the petitioners were not prop-

erly accommodated with schools, but would be if the proposed change was made.

3. PETITION SHOULD BE SIGNED BY TWO THIRDS OF LEGAL VOTERS.— The petition should be signed by two thirds of all the freeholders and legal voters.

ERROR to the Circuit Court of Franklin county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed September 29, 1882.

Messrs. YOUNGBLOOD & MOYERS, for plaintiff in error; that in a proceeding for quo warranto for usurpation of office, the court can not inquire into the action of the board of trustees in forming the district, cited Miller v. Trustees of Schools, 88 Ill. 26.

The plea is sufficient; certainty to a common intent being all that is necessary: The People v. Shaw, 14 Ill. 476.

Plaintiffs in error need only show that they are rightfully in possession of the office: Clark v. The People, 15 Ill. 217.

Mr. JOHN A. TREECE and Mr. W. H. WILLIAMS, for defendants in error; that an information in the nature of quo warranto will lie to oust an officer who usurps an office, cited Renwick v. Hall, 84 Ill. 162; Lawson v. Kolbenson, 61 Ill. 405.

The law imposes upon defendants in such proceeding the burden of specifically setting out their title to the office: Clark v. The People, 15 Ill. 217.

PER CURIAM. The court properly sustained the demurrer to the plea because:

1st. The petition should have been presented to the trustees of both townships, and should have been the subject of joint action.

2d. The separate petition which was presented to each township fails to set up the fact that petitioners were not properly accommodated with schools, but would be if the proposed change was made. This is jurisdictional and essential. 71 Ill. 561.

3d. The petition as presented to the trustees was signed by two thirds of all the *freeholders and legal voters* (Abstract, p. 9), but there is no averment that it was signed by two

thirds of all the legal voters.    It might, under the allegation, have been two thirds of both, or two thirds of all voters who were freeholders.    It must be construed most strongly against the pleader.

4th.    There is no averment that the notice of the election was posted for the time required by law.    Other objections may exist, but these justified the court in its ruling, and the judgment is therefore affirmed.

Affirmed.